ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Lael Al Sahab & Co. ) | ASBCA No. 58346 |
| ) | |
| Under Contract No. W91GET-06-M-0063 ) | |

APPEARANCE FOR THE APPELLANT:  Mr. Alie Sufan
                 Owner

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                  Army Chief Trial Attorney
                  CPT Vera A. Strebel JA
                  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MELNICK

Appellant, Lael Al Sahab & Co., seeks complete payment for work upon a contract to provide street cleaning and grounds maintenance in Iraq. The government withheld a portion of the payments sought because of inadequate performance. The Board previously dismissed most of the appeal for lack of jurisdiction. However, appellant was permitted to proceed with a claim for $8,250 that the government withheld from its payment of two invoices totaling $30,000. *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394. After the parties chose to proceed under Board Rule 11, the government represented that it did not contest $3,750 of the amount claimed. The government has demonstrated that the additional $4,500 was properly withheld. Appellant is therefore entitled to recover $3,750, plus CDA interest.

FINDINGS OF FACT

1. On 21 March 2007, appellant entered into the commercial items contract identified above with the Joint Contracting Command-Iraq (government).* The contract was for street cleaning and grounds maintenance services. Appellant was to be paid $15,000 per month. (R4, tab 1) Section 11.1 of the contract's Statement of Work provided that the government would "not make a full payment if the contractor does not perform to the specification of the contract" (R4, tab 1 (Statement of Work at 4)). It continued to say:

---

\* While the contract number is W91GET-06-M-0063, at times the parties' referred to it as W91GET-07-M-0063 (R4, tabs 2, 7).

In a case where only partial work was completed, a partial payment will be made. Partial payments may be exercised if the contractor does not provide the stated workforce or does not clean each street outlined.

(R4, tab 1 (Statement of Work at 4)).

2. Appellant's first $15,000 invoice was for the period 21 March 2007 until 20 April (R4, tab 3). The contracting officer determined that appellant was entitled to the full payment (R4, tab 3, 5, 15 at 2). Nevertheless, the government withheld $3,750, paying appellant $11,250 (R4, tabs 3, 9).

3. Appellant did not provide complete trash removal and ground maintenance services during May of 2007. That failure was documented in a memorandum to appellant dated 9 May 2007, and by daily logs showing repeated failures to perform grounds maintenance and remove all litter and debris, prepared by the government's inspector between 12 and 31 May (R4, tabs 4, 5, 15 at 2). Appellant did not clean 30 percent of the required area (R4, tab 15 at 2). On 20 May 2007, appellant submitted a second invoice for $15,000. However, because appellant did not completely perform the contract's requirements, payment was reduced by 30 percent, or $4,500, to $10,500 (R4, tabs 3, 15 at 2).

4. The government terminated the contract for cause on 5 June 2007 (R4, tab 7). On that date, appellant submitted a claim to the contracting officer seeking, among other things, the $8,250 withheld from the two invoice payments (R4, tab 9). *See Lael Al Sahab*, 13 BCA ¶ 35,394 at 173,661-63. By email dated 4 October 2012, appellant filed a notice of appeal seeking $1,011,000. The Board has already dismissed the majority of the appeal, except for the $8,250 withheld from the first two invoices. *Id.* at 173,662-64.

## DECISION

The contracting officer approved payment of the entire $15,000 sought in the first invoice and the government does not contest that appellant is entitled to the full payment (finding 2). Accordingly, appellant is entitled to recover the $3,750 withheld by the government.

The contract entitled the government to make partial payments in the event only part of the contract work was performed (finding 1). Appellant neglected to perform 30 percent of its contract obligations during May of 2007, and provides no explanation for that failure (finding 3). Nor does it give any indication that the government's 30 percent withholding from its payment of the second invoice was unjustified. The government has proven that the withholding "reasonably represented the reduced value of appellant's performance."

2

*Wright's Auto Repair, Inc.,* ASBCA Nos. 29138, 31372, 88-1 BCA ¶ 20,449 at 103,425. Accordingly, appellant's claim for the $4,500 withheld from the second invoice is denied.

CONCLUSION

Appellant is entitled to recover $3,750, plus interest under 41 U.S.C. § 7109 from 5 June 2007. Otherwise, the appeal is denied.

Dated: 17 February 2016

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58346, Appeal of Lael Al Sahab & Co., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

3